UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANIEL NEVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRIS EDSON,<br><br>    Defendant. | No. 2:18-cv-03238-JAM-DMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    Plaintiff Joseph Nevis ("Plaintiff") commenced this action ("Nevis II") against Chris Edson ("Defendant"), on December 20, 2018, alleging Defendant negligently operated the Amtrak train that struck and amputated Plaintiff's legs. See Compl., ECF No. 1. Plaintiff also seeks punitive damages. Id. Defendant moved for dismissal on December 18, 2019, arguing Plaintiff's service was not timely and this lawsuit is duplicative of Nevis v. Rideout Memorial Hospital, et al, 17-cv-02295 ("Nevis I"). Mot., ECF No. 8. Plaintiff opposed Defendant's motion. Opp'n, ECF No. 9. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 25, 2020.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

A discussion of the instant action's procedural history would be incomplete absent a discussion of Nevis v. Rideout Memorial Hospital, et al, 17-cv-02295. The two cases are inextricably intertwined. Nevis I was filed on November 1, 2017. See Compl. 17-cv-02295 ("Nevis I Compl."), ECF No. 1. Nevis I named, among others, Defendant's employer, National Railroad Passenger Corporation ("Amtrak"), and Doe Engineer, Conductor, and Train Operators as defendants. See Nevis I Compl. at 1. After Plaintiff indicated he would not amend the complaint to name the Doe defendants, they were dismissed from Nevis I. See Nevis I Joint Status Rep., ECF No. 9; Nevis I Status Pretrial Scheduling Order, ECF No. 11.

On February 23, 2018, during Nevis I's discovery process, Defendant was identified as the engineer of Amtrak's train. Mot. at 2. Nevis II was filed ten months later. See Compl. 18-cv-03238 ("Nevis II Compl."), ECF No. 1. But Defendant was not served in Nevis II until November 27, 2019—nearly a year after the case was filed. Mot. at 3. Meanwhile, the defendants in Nevis I filed motions for summary judgment. See Nevis I Defs.' Mots. for Summ. J., ECF Nos. 66, 89, 90. Following the adjudication of those motions, negligence claims are all that remain in Nevis I. See Nevis I Hr'g Min., at ECF Nos. 82, 112. Included in Plaintiff's remaining claim against Amtrak is the allegation that Defendant, as Amtrak's engineer, was negligent in failing to maintain a proper lookout. See Tr. of Mot. Hr'g, at ECF No. 119.

Accordingly, the remaining claim against Amtrak in Nevis I

is the same as the claim against Defendant in Nevis II. Both allege Defendant negligently operated the Amtrak train that struck and injured Plaintiff.

## II. OPINION

### A. Legal Standard

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Although courts flexibly interpret this rule, neither actual notice nor naming the defendant in the complaint is sufficient to provide personal jurisdiction without substantial compliance with Rule 4. Id. (citing Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987)).

A party may move to dismiss a pleading based on insufficient service of process, Fed. R. Civ. P. 12(b)(5). Service of process is insufficient "[i]f a defendant is not served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Rule 4(m) "encourages efficient litigation by minimizing the time between commencement of an action and service of process." Electric Specialty Co. v. Road and Rach Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)). "Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005).

However, if plaintiff has shown good cause for the failure

to effect service timely, plaintiff is entitled to a mandatory extension. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). "At a minimum, 'good cause' means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). "Good cause" for delay "generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." Hernandez v. Senegor, No. 2:11-cv-3248, WL 1966122 at *4 (E.D. Cal. 2013) (internal citation omitted). Inadvertent error or ignorance of governing rules alone will not excuse plaintiff's failure to effect timely service. Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).

In addition to establishing good cause, Plaintiff may also be required to show: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. Boudette, 923 F.2d at 756.

B. Analysis

As an initial matter, Plaintiff's failure to effect timely service is not in dispute. Opp'n at 4. Defendant was served nearly a year after the complaint was filed. Mot. at 3. And because Defendant challenged the sufficiency of service, Plaintiff bears the burden of establishing proper service. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Plaintiff, in his opposition, fails to explain, let alone provide good cause, why he served Defendant 343 days after Nevis

4

II was filed.  Plaintiff's arguments regarding his change in counsel or attempts to serve Defendant via Amtrak's counsel are neither persuasive or constitute good cause.  See Opp'n at 4-5.  The controlling facts are: Plaintiff's current counsel took over in April 2019; Defendant was deposed by Plaintiff's counsel on August 8, 2019; and Defendant was not served until November 27, 2019.  Opp'n at 4-6.  Even assuming Plaintiff did encounter reasonable delays resulting from the change in representation and Amtrak's counsel's refusal to accept service on behalf of Defendant, Plaintiff offers no explanation as to why he did not effect service during Defendant's deposition in Nevis I.  That deposition took place <u>four</u> months after current counsel commenced representation—enough time to get up to speed.  Plaintiff's failure to effect timely service is, thus, inexcusable.

In weighing whether to dismiss based on insufficient service of process or excuse Plaintiff's delay, the Court considered the prejudice dismissal would work on the Plaintiff.  As Plaintiff points out, if dismissed, the statute of limitations would prevent him from refiling this complaint.  Opp'n at 6.  But this ultimately results in little prejudice as—by Plaintiff's own admission—this suit is effectively identical to the claim remaining against Amtrak in Nevis I.  Opp'n at 12.  Thus, Plaintiff's ongoing negligence action against Amtrak substantially mitigates any harm resulting from dismissal of the instant action.

Accordingly, because Defendant was not properly served, and Plaintiff has not demonstrated good cause to excuse his failure

to effect service timely, all claims against Defendant are dismissed.

## III. ORDER

The Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: February 28, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE